[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff owns a marina at Saybrook Point.
On or about August 1, 1988, the defendant, while operating his boat, entered the plaintiff's marina facility and secured his boat to a mooring slip in said marina. The mooring slip in which the defendant secured his boat was not rented to the defendant nor did the defendant have any rightful basis for occupancy of the mooring slip.
The defendant then left the marina facility without speaking to the marina staff or identifying him as being the owner of the boat. Nor was any information or documentation left on the boat. The plaintiff could not identify the owner of the boat.
The defendant's boat remained in the plaintiff's marina for the remainder of the 1988 boating season. The plaintiff's marina had no storage facilities. On or about October 31, 1988, the plaintiff had the boat towed to a boat storage facility, winterized it and had it stored at a storage facility, known as Ragged Rock Marina.
Several months later, the defendant got in touch with the plaintiff's office. He used an alias name. He made arrangements with the plaintiff for paying the fees. Sometime later, he called the plaintiff's office that he be allowed to examine the boat prior to making payment. The plaintiff's office told him where the boat was being stored.
The defendant never presented himself to the staff of the Ragged Rock Marina. About one week after the defendant's call to the plaintiff's office, the plaintiff was informed by the Ragged Rock Marina the defendant's boat was missing.
Christopher Knox testified for the defendant. He was experienced in the marina and storage facilities. He admitted that at night he removed the defendant's boat from Ragged Rock Marina.
The court finds that the defendant violated the criminal statute Sec. 53a-119 (7)(2)(B).
The plaintiff claims treble damages for theft (Sec. 52-564).
Sec. 52-564 is, in pertinent part, as follows:
"Any person who steals any property of CT Page 3585 another. . . . shall pay the owner treble his damages."
The defendant owned the boat. The plaintiff is not entitled to treble damages.
The plaintiff is, however, entitled to punitive damages.
The court finds the plaintiff's damages are $3,405 plus interest of $786.48.
The defendant filed a counterclaim alleging that the boat was damaged while in storage. The plaintiff did not store the boat.
Judgment for the plaintiff on the complaint and counterclaim. The plaintiff shall recover $3,405, plus interest of $786.48 for a total of $4,191.48 together with taxable costs. In addition, the plaintiff shall recover punitive damages of $2,500.
EDELBERG STATE TRIAL REFEREE
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk